Roberta KENNEDY, individually and as mother and natural guardian of Timothy Kennedy, Angela Kennedy and Theresa Kennedy, Appellees,

v.

Moe LeFEBVRE, Appellant,

and

Raymond Obert.

Roberta KENNEDY, individually and as mother and natural guardian of Timothy Kennedy, Angela Kennedy and Theresa Kennedy, Appellees,

v.

Raymond OBERT, Appellant,

and

Moe LeFebvre.

Nos. 87–5410, 87–5411.

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1988.

Decided May 25, 1988.

Rolf E. Gilbertson, St. Paul, Minn., for appellant.

Timothy W. Nelson, St. Cloud, Minn., for appellees.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Defendants Raymond Obert and Moe LeFebvre in this 42 U.S.C. § 1983 case appeal from the district court's[1] denial of their motion to reargue their previously denied motion for summary judgment. We affirm.

Plaintiff Roberta Kennedy had cohabited with Obert, a Kanabec County deputy sheriff, for two and one-half years. Sometime in 1984 Kennedy was voluntarily admitted to a hospital because she was suffering from a mental breakdown. Nine days later Kennedy left the hospital and returned to the house she shared with Obert.

Defendant Moe LeFebvre, a Mora police officer, was summoned to the residence to investigate a disturbance. Obert claims that based on Kennedy's conduct and background he formed the opinion that it was necessary to place Kennedy under an emergency police hold pursuant to Minn.Stat. § 253B.05 subd. 2.[2] LeFebvre relied on Obert's decision that an emergency hold was necessary. Kennedy resisted Obert and he picked her up and placed her in LeFebvre's squad car. When being forced into the squad car Kennedy struck her head and suffered a laceration. Obert and LeFebvre drove Kennedy to the hospital to have her cut treated. At that point Obert determined that a hold was no longer necessary and Kennedy was released.

Kennedy generally agrees with these basic facts, but adds further explanation. Kennedy states that when she returned to Obert's house after her voluntary hospitalization she told Obert she would not sleep with him and that he should sleep elsewhere in the house. Obert became loud and Kennedy called the Mora police department. Kennedy stated that she was forcibly removed from the house and later released after the injury to her head was treated and, upon returning to the house later that evening, found Obert and LeFebvre laughing about the incident. Kennedy attempted to file charges with the Mora police department, but no action was taken.

At the outset appellee claims appellants are seeking to appeal from a non-appealable order. Appellants' initial motion for summary judgment, which was based on qualified immunity, was denied by the district court on April 21, 1986. Subsequently the Supreme Court decided *Anderson v. Creighton*, — U.S. —, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), and appellants sought permission to reargue their summary judgment motion based on this intervening decision. While the district court denied appellants' motion, it did so because it found that *Anderson* did not alter the objective legal reasonableness standard of *Harlow v. Fitzgerald*, 457 U.S. 800, 819, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), which the court applied in denying appellants' initial motion for summary judgment. Accordingly, the district court reached the merits of the issue which appellants raised for reargument. In effect the district court denied a subsequent motion for summary judgment based on qualified immunity and we conclude that that is an order from which an appeal may be taken. *See Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985).

The standard to be applied to determine whether an appellant is entitled to qualified immunity "is the objective (albeit fact-specific) question whether a reasonable officer could have believed [appellants' emergency police hold] to be lawful, in light of clearly established law and the information the [officer executing the hold] possessed." *Anderson*, 107 S.Ct. at 3040; *see Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738. It is

---

1. The Honorable Paul A. Magnuson, United States District Judge, District of Minnesota.

2. This statute provides in part that:
   [a] peace ... officer may take a person into custody and transport the person to a licensed physician or treatment facility if the officer has reason to believe that the person is mentally ill ... and in imminent danger of injuring self or others if not immediately restrained.

unnecessary for the purpose of this appeal to determine whether *Anderson* has altered the standard for qualified immunity set forth in *Harlow.* We agree with the district court that appellants are not entitled to summary judgment.

 We first consider LeFebvre's claim of immunity. The facts, viewed most favorably to the nonmoving party, support the conclusion that LeFebvre was responding to a domestic disturbance call phoned in by Kennedy. Upon LeFebvre's arrival, Obert, Kennedy's housemate and probable participant in the domestic disturbance, stated that an emergency police hold was necessary because of Kennedy's mental state. LeFebvre admits that he was unable to formulate an independent judgment as to the necessity of the hold and that he relied on Obert. In these circumstances, we believe that a jury could find that a reasonable officer would not have believed the emergency hold to be lawful, but rather the product of a domestic dispute.

Next, as to Obert, the facts as alleged by Kennedy might be found to establish that Obert probably was motivated by a desire to retaliate against Kennedy for her refusal to sleep with him. Such a scenario is one in which qualified immunity does not attach.

We affirm the decision of the district court. In so ruling we emphasize that we have construed the facts most favorably to Kennedy, the nonmoving party, and express no opinion on the ultimate issues of fact to be determined by a jury.

